F .ling # 64379330 E-Filed 11/17/2017 10:35:15 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO. 2017-026537-CA-01

VALENCIA BROWN, as Personal
Representative of the Estate of her
deceased son; CORNELIUS VARNELL BROWN; and
VALENCIA BROWN, as natural mother and
survivor of Cornelius Brown; and
VIRGIL FISHER, as natural father and survivor
of Cornelius Brown

        Plaintiffs,

vs.

THE CITY OF OPA LOCKA; JAMES DOBSON,
in his official capacity as Chief of Police of the
Opa Locka Police Department; HANS GONZALEZ,
DWAYNE RAMIKIE; ORLANDO BUENO a.k.a.
ORLANDO MUNIZ-BUENO; LUDWIN VIELMAN;
KERBY NORD, JOHN DOE and RICHARD ROE,
police officers of the City of Opa Locka at all times
material hereto, the identity and number of which is
presently unknown to the Plaintiffs,

        Defendants.

_____/

## FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH
## AND VIOLATION OF CIVIL RIGHTS

**COME NOW,** the Plaintiffs, VALENCIA BROWN, as Personal Representative of the

Estate of her deceased son, CORNELIUS VARNELL BROWN; and VALENCIA BROWN, as

natural mother and survivor of Cornelius Brown; and VIRGIL FISHER, as natural father and

survivor of Cornelius Brown and hereby sue the Defendants, THE CITY OF OPA LOCKA ;

JAMES DOBSON, in his official capacity as Chief of Police of the Opa Locka Police

Department ("Chief'); HANS GONZALEZ ("Gonzalez"); DWAYNE RAMIKIE ("Ramikie");



1

ORLANDO BUENO a.k.a. ORLANDO MUNIZ-BUENO ("Bueno");   LUDWIN VIELMAN ("Vielman"); KERBY NORD ("Nord"); and JOHN DOE and RICHARD ROE, police officers of the City of Opa Locka, the identity and number of which is presently unknown to the Plaintiffs ("Doe and Roe").

### PRELIMINARY STATEMENT

1.      This is a civil rights action and wrongful death case in which the Plaintiffs seek relief from this Court for the death of Cornelius Brown and for the Defendants' violation of Cornelius Brown's civil rights secured by the Civil Rights Act of 1871, 42 USC § 1983, the Constitution of the United States, including its Fourth and Fourteenth Amendments, and by the laws of the State of Florida.

2.      At all times herein, "Defendant Officers" shall refer to Defendants Gonzalez, Ramikie, Bueno, Vielman, Nord, Doe and Roe collectively, individually, or any combination of these Defendants acting together. All allegations against Defendant Officers are alleged jointly and severally.

### JURISDICTION AND VENUE

3.      This is an action for damages in excess of Fifteen Thousand dollars ($15,000.00) arising from negligence resulting in the wrongful death of Cornelius Brown, a violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, and a claim for attorney's fees pursuant to 42 U.S.C. § 1988.

4.      This Court has jurisdiction pursuant to Florida Statutes § 26.012, 34.01(c); and 28 USC § 1343.

2

5.      Venue is appropriate in this Court pursuant to Florida Statutes § 47.011 in that the conduct that gives rise to this action took place in Miami Dade County, Florida.

## PARTIES

6.      At all times material hereto, Cornelius Brown, was an adult resident of the City of Opa Locka, Miami Dade County, a citizen of the State of Florida, and a citizen of the United States of America.

7.      At all times material hereto, Cornelius Brown was a sufferer of schizophrenia and paranoia.

8.      Valencia Brown is the natural mother of the decedent, Cornelius Brown. She is the duly appointed Personal Representative of the Estate of Cornelius Brown.

9.      Virgil Fisher is the natural father of Cornelius Brown.

10.      At all times material hereto, Defendant City of Opa Locka, was an entity authorized and created under the laws of the State of Florida. Defendant City of Opa Locka assumes the risk incidental to the maintenance of a police force and the employment of law enforcement and police officers.

11.      At all times material hereto, Defendant City of Opa Locka was the public employer of Defendant Officers.

12.      At all times material hereto, Defendant Chief was the Chief of Police of the Opa Locka Police Department.

13.      At all times material hereto, Defendant Officers were City of Opa Locka Police Department police officers, acting within the course and scope of their employment with

3

Defendant City of Opa Locka and Defendant Chief and under color of state or federal law. Defendant Officers are being sued in their individual and official capacities.

14.     Defendant Officers were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the Opa Locka Police Department, an agency of Defendant City of Opa Locka.

15.     At all times relevant herein, Defendant Officers were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Florida and the Opa Locka Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant City of Opa Locka, were acting for, and on behalf of, and with the power and authority vested in them by Defendant City of Opa Locka and the City of Opa Locka Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendant Officers are sued individually and in their official capacity.

16.     By the conduct, acts, and omissions complained of herein, Defendant Officers violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

17.     Plaintiffs have satisfied all conditions precedent to filing this lawsuit, including those imposed by Florida Statutes §768.28.

18.     Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay reasonable attorneys' fees and costs for such services in prosecuting the claims herein.

4

## FACTS APPLICABLE TO ALL COUNTS

19.     On or about November 18, 2015, Cornelius Brown was walking in the neighborhood where he resided when Defendant Officers confronted him.

20.     At the time that Defendant Officers confronted Cornelius Brown, he had not committed a crime or offense nor was he engaged in or planning to commit a crime or offense. Defendant Officers did not suspect that Cornelius Brown had committed a crime or offense when they approached him.

21.     At the time that Cornelius Brown was engaged by Defendant Officers, Cornelius Brown was not acting in an aggressive or violent manner.

22.     The residents of the neighborhood where Cornelius Brown resided knew that Cornelius Brown suffered from a mental condition.

23.     Cornelius Brown was acting in a manner that indicated that he was suffering from a mental health breakdown or emergency. This behavior included failing to respond to questions and instructions, inappropriate and incoherent actions (such as singing and muttering), and an appearance of general confusion.

24.     Defendant Officers knew or should have known that Cornelius Brown suffered from a mental condition.

25.     Defendant Officers made visual contact with Cornelius Brown and observed the aforementioned abnormal behavior.

26.     The observations of Defendant Officers put them on notice that Cornelius Brown was suffering from a mental breakdown.

27.     Defendant Officers ignored Cornelius Brown's mental breakdown and began to pursue him in a threatening manner.

5

28.     Defendant Officers knew that Cornelius Brown was suffering from a mental breakdown and took no precautions while approaching Cornelius Brown that would mitigate the effects of his mental illness.

29.     When Defendant Officers yelled commands at Cornelius Brown, he manifested signs and symptoms that he was having a mental breakdown. Cornelius Brown was unable to communicate effectively, clearly did not understand what was going on, and was visibly scared.

30.     Despite Cornelius Brown's apparent mental state, Defendant Officers continued to act aggressively and threateningly toward Cornelius Brown.

31.     Cornelius Brown's mental condition prevented him from understanding or perceiving reality and his condition also inhibited his ability to consciously control his own actions.

32.     Defendant Officers then began to pursue Cornelius Brown, further frightening and alarming him.

33.     Defendant Officers fired approximately seven shots from their service firearms, hitting Cornelius Brown.

34.     Cornelius Brown was pronounced dead at the scene. Multiple gunshot wounds fired by Defendant Officers caused his death.

35.     After multiple requests, the Opa Locka Police Department has refused to provide any information regarding its investigation of the incident, the officers involved, witnesses or audio and video recordings of the incident.

## COUNT I—DEFENDANT OFFICERS
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983
## UNREASONABLE SEIZURE

36.    Plaintiffs re-allege paragraphs (1) through (35) as if fully set forth herein.

37.    42 U.S.C. §1983 creates a cause of action where any person, "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ."

38.    The Fourth Amendment to the United States Constitution prohibits unreasonable seizures of people.

39.    A person has been seized within the meaning of the Fourth Amendment if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he or she was not free to leave.  The shooting and subsequent killing of a suspect is a seizure under the Fourth Amendment.

40.    At the time of the seizure, Defendant Officers did not have a reasonable belief that Plaintiff had committed a crime.

41.    At the time of the seizure, Cornelius Brown was unarmed and did not pose a lethal threat to the officers.

42.    At the time Defendant Officers seized Cornelius Brown, Defendants did not have a warrant to arrest Cornelius Brown.

43.    Defendant Officers' arrest and seizure of Cornelius Brown was illegal and unconstitutional.

44.    Any force used in an illegal seizure is excessive and is part of the claim for illegal seizure.  *See Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000).

7

45.     All the force used by Defendant Officers against Cornelius Brown was illegal and excessive.

46.     Defendant Officers' conduct was deliberately indifferent to Cornelius Brown's clearly established rights.

47.     As a direct, proximate and foreseeable result of the acts and omissions of Defendant Officers, Cornelius Brown was killed and the Plaintiffs have in the past and will have in the future suffered the following damages:

    a.  Medical, funeral, and burial expenses that have become a charge of his Estate or that have been paid on behalf of the decedent.

    b.  Loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of Cornelius Brown.

    c.  All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

    d.  Loss of net accumulations of the Estate.

**WHEREFORE**, Plaintiffs pray that this Honorable Court grant the following relief on Plaintiffs' civil right claim for unreasonable seizure brought pursuant to 42 U.S.C. §1983 and §1988:

    A.  Judgment for compensatory damages against Defendant Officers;

    B.  Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs and expenses of this civil action;

    C.  A trial by jury on all issues so triable; and

    D.  Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT II—DEFENDANT OFFICERS
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983
## EXCESSIVE FORCE

48.    Plaintiffs re-allege paragraphs (1) through (35) as if fully set forth herein.

49.    42 U.S.C. §1983 creates a cause of action where any person, "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and law . . ."

50.    The Fourth Amendment to the United States Constitution prohibits the unreasonable use of force by a law enforcement officer when he has the lawful authority to seize an individual.

51.    The use of force by Defendant Officers was blatantly excessive and deprived Cornelius Brown of his Fourth Amendment right to be free from force that was excessive under the circumstances. Defendant Officers could have taken Cornelius Brown into custody without excessive or potentially deadly force and without causing Cornelius Brown injuries and, ultimately, death.

52.    Defendant Officers' conduct was deliberately indifferent to Cornelius Brown's clearly established rights.

53.    As a direct, proximate and foreseeable result of the acts and omissions of Defendant Officers, Cornelius Brown was killed and the Plaintiffs have in the past and will have in the future suffered the following damages:

  a.  Medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

  b.  Loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of Cornelius Brown.

9

  c. All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

  d. Loss of net accumulations of the Estate.

  **WHEREFORE,** Plaintiffs pray that this Honorable Court grant the following relief on Plaintiffs' civil right claim for excessive force brought pursuant to 42 U.S.C. §1983 and §1988:

  A. Judgment for compensatory damages against Defendant Officers;

  B. Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs and expenses of this civil action;

  C. A trial by jury on all issues so triable; and

  D. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT III—DEFENDANT OFFICERS
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983
## FAILURE TO INTERVENE

 54. Plaintiff's re-allege paragraphs (1) through (35) as if fully set forth herein.

 55. Police officers of the Opa Locka police department violated Cornelius Brown's constitutional rights when they illegally seized Cornelius Brown and shocked him with a taser and then proceeded to shoot and kill him.

 56. Instead of intervening, Defendant Officers took no action to stop or prevent this illegal seizure and excessive force although they were in a position to stop this escalation and had time to do so.

 57. Defendant Officers are directly liable for the subsequent unreasonable applications of force.

 58. Defendant Officers' conduct was deliberately indifferent to Cornelius Brown's clearly established rights.

59.     As a direct, proximate and foreseeable result of the acts and omissions of Defendant Officers, Cornelius Brown was killed and the Plaintiffs have in the past and will have in the future suffered the following damages:

   a.   Medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

   b.   Loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of Cornelius Brown.

   c.   All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

   d.   Loss of net accumulations of the Estate.

**WHEREFORE**, Plaintiffs pray that this Honorable Court grant the following relief on Plaintiffs' civil right claim for excessive force brought pursuant to 42 U.S.C. §1983 and §1988:

   A.   Judgment for compensatory damages against Defendant Officers;

   B.   Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs and expenses of this civil action;

   C.   A trial by jury on all issues so triable; and

   D.   Such other and further relief that this Court may deem just, proper and appropriate.

### COUNT IV—DEFENDANT CITY OF OPA LOCKA
### STATE LAW CLAIM FOR NEGLIGENCE/WRONGFUL DEATH

60.     Plaintiffs re-allege paragraphs (1) through (35) as if fully set forth herein.

61.     At all times material hereto, each Defendant owed Cornelius Brown the duty to act with due care or reasonable care in the execution and enforcement of any right, law, or legal obligation.

62.     These general duties of reasonable care and due care owed to Cornelius Brown by

11

all Defendants include, but are not limited to, the following specific obligations:

    a.  To refrain from seizing, detaining, or arresting Cornelius Brown without first having probable cause or legal authority to do so;

    b.  To refrain from using excessive and unreasonable force against Cornelius Brown;

    c.  To refrain from unreasonably creating the situation where force is used;

    d.  To refrain from abusing their authority granted them by law;

    e.  To use tactics and force appropriate for disabled and mentally disturbed person; and

    f.  To refrain from violating Cornelius Brown's rights guaranteed by the United States Constitution, as set forth above, and otherwise protected by law.

63.    Defendant Officers, through their acts and omissions, breached each and every one of the aforementioned duties owed to Cornelius Brown.

64.    As the negligent acts and omissions were committed in the course and scope of Defendant Officers' employment with Defendant City of Opa Locka, the doctrine of Respondeat Superior imputes liability to Defendant City of Opa Locka.

65.    As a direct and proximate result of the acts and omissions of the Defendants, Cornelius Brown was killed and the Plaintiffs have in the past and will have in the future suffered the following damages:

    a.  Medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    b.  Loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of Cornelius Brown.

    c.  All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

    d. Loss of net accumulations of the Estate.

    e. All damages allowed under Florida's Wrongful Death Act.

    **WHEREFORE**, the Plaintiffs demand judgment against Defendant City of Opa Locka for damages, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

## COUNT V—DEFENDANT OFFICERS
## STATE LAW CLAIM FOR NEGLIGENCE/WRONGFUL DEATH

66.    Plaintiffs re-allege paragraphs (1) through (35) as if fully set forth herein.

67.    At all times material hereto, each Defendant owed Cornelius Brown the duty to act with due care or reasonable care in the execution and enforcement of any right, law, or legal obligation.

68.    These general duties of reasonable care and due care owed to Cornelius Brown by Defendant Officers include, but are not limited to, the following specific obligations:

    a. To refrain from seizing, detaining, or arresting Cornelius Brown without first having probable cause or legal authority to do so;

    b. To refrain from using excessive and unreasonable force against Cornelius Brown;

    c. To refrain from unreasonably creating the situation where force is used;

    d. To refrain from abusing their authority granted them by law;

    e. To use tactics and force appropriate for a disabled and mentally disturbed person; and

    f. To refrain from violating Cornelius Brown's rights guaranteed by the United States Constitution, as set forth above, and otherwise protected by law.

69.    Defendant Officers, through their acts and omissions, breached each and every one of the aforementioned duties owed to Cornelius Brown.

13

70.     As a direct and proximate result of the acts and omissions of the Defendants Officers, Cornelius Brown was killed and the Plaintiffs have in the past and will have in the future suffered the following damages:

    a.   Medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    b.   Loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of Cornelius Brown.

    c.   All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

    d.   Loss of net accumulations of the Estate.

    e.   All damages allowed under Florida's Wrongful Death Act.

**WHEREFORE**, the Plaintiffs demand judgment against Defendant Officers for damages, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

## COUNT VI—DEFENDANT CITY OF OPA LOCKA
## § 1983 *MONELL* CLAIM

71.     Plaintiffs re-allege paragraphs (1) through (35) as if fully set forth herein.

72.     A local governing body may be liable for monetary damages under 42. U.S.C. §1983 if the unconstitutional act complained of is caused by a governmental practice or custom. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

73.     Cornelius Brown was deprived of at least the following federal rights guaranteed under the United States Constitution:

    a.   The right not to be deprived of life, liberty, or property without Due Process of Law;

b.  The right to be free from unreasonable searches and/or seizures, up to and including death;

c.  The right to enjoy civil and statutory rights.

74.     Defendant City of Opa Locka developed and maintained policies, practices or customs exhibiting deliberate indifference to the constitutional rights of citizens it officers came into contact with.

75.     It was the policy, practice or custom of Defendant City of Opa Locka to inadequately and improperly investigate citizen complaints of police misconduct.

76.     It was the policy, practice or custom of Defendant City of Opa Locka to ignore, tolerate or inadequately discipline its officers when acts of misconduct occurred.

77.     Prior to November 18, 2015, Defendant Officers had histories of misbehavior that were ignored, inadequately investigated or resulted in inadequate discipline.

78.     Defendant City of Opa Locka inadequately investigated or inadequately disciplined Defendant Officers, thereby failing to adequately discourage further misconduct.

79.     Defendant City of Opa Locka tolerated and acquiesced to the excessive use of force by Defendant Officers.

80.     Defendant Officers were not disciplined or reprimanded for violating Cornelius Brown's civil rights.  Defendant City of Opa Locka made no changes to its policies after the events of November 18, 2015, thereby ratifying Defendant Officers' conduct.

81.     The policies, practices or customs of Defendant City of Opa Locka that tolerated or ignored excessive uses of force on citizens that existed on November 18, 2015 did not change after November 18, 2015.

82.     Because of the policy, practice or custom of ignoring, tolerating and improperly

15

handling complaints of excessive use of force, Defendant Officers believed that their actions would not result in substantive investigation or discipline, but would be tolerated.

83.     The above described policies, practices or customs demonstrate a deliberate indifference on the part of Defendant City of Opa Locka to the constitutional rights of persons its officers came into contact with, and were the cause of Cornelius Brown's deprivation of his constitutionally protected rights.

   **WHEREFORE,** Plaintiffs pray that this Honorable Court grant the following relief on Plaintiffs' civil right claim brought pursuant to *Monell,* 42 U.S.C. §1983 and §1988:

   A.  Judgment for compensatory damages against Defendant City of Opa Locka;

   B.  Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs and expenses of this civil action;

   C.  A trial by jury on all issues so triable; and

   D.  Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT VII—DEFENDANT CHIEF
## CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983

84.     Plaintiffs re-allege paragraphs (1) through (35) as if fully set forth herein.

85.     The conduct and actions of Defendant Chief, acting under color of law, in authorizing, directing, training, or otherwise failing to promulgate reasonable policies and procedures among his officers for the use of force was excessive and unreasonable, was done intentionally, willfully, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful

justification or reason, and was designed to and did cause specific and serious emotional pain, physical pain, and death in violation of Cornelius Brown's right under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the Constitution, including the right to be free from unreasonable search and seizure and the right to be free from the use of excessive, unreasonable, and unjustified force.

86.     As a direct, proximate and foreseeable result of the acts and omissions of Defendant Chief, the Plaintiffs have suffered in the past and will suffer in the future the following damages:

    a.  Medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    b.  Loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of Cornelius Brown.

    c.  All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

    d.  Loss of net accumulations of the Estate.

**WHEREFORE**, Plaintiffs pray that this Honorable Court grant the following relief on Plaintiffs' civil right claim for excessive force brought pursuant to 42 U.S.C. §1983 and §1988:

    A.  Judgment for compensatory damages against Defendant Chief;

    B.  Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs and expenses of this civil action;

    C.  A trial by jury on all issues so triable; and

    D.  Such other and further relief that this Court may deem just, proper and appropriate.

17

### COUNT VIII—DEFENDANT OFFICERS
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983
### DENIAL OF MEDICAL CARE

87.     Plaintiffs re-allege paragraphs (1) through (35) as if fully set forth herein.

88.     Members of the Opa Locka Police Department have an affirmative duty to seek medical attention, for persons who are injured in the course of being apprehended by the police.

89.     Defendant Officers were either in the immediate vicinity of, or directly involved in shocking Cornelius Brown with a taser and shooting Cornelius Brown with a firearm.

90.     Defendants Officers were aware that Cornelius Brown had been shocked with a taser and shot, and were aware that Cornelius Brown was experiencing extreme physical pain as a result of Defendant Officers' use of excessive and unnecessary force, but took no action to provide or request medical care for Cornelius Brown, disregarding the obvious risk to Cornelius Brown's health.

91.     The conduct and actions of Defendant Officers, acting under color of law, in failing to timely request or obtain medical attention for Cornelius Brown, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Cornelius Brown's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Cornelius Brown's substantive due process rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

92.     As a result of Defendant Officers' failure to timely request or obtain medical attention after using excessive, unreasonable, and unjustified force, Cornelius Brown's

death was hastened and/or caused.

93.      As a direct, proximate and foreseeable result of the acts and omissions of

Defendants, Cornelius Brown was killed and the Plaintiffs have in the past and will have

in the future suffered the following damages:

    a.   Medical, funeral, and burial expenses that have become a charge of his Estate or
       that have been paid on behalf of the decedent.

    b.   Loss of support and services, loss of companionship, and for mental pain and
       suffering resulting from the loss of Cornelius Brown.

    c.   All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

    d.   Loss of net accumulations of the Estate.

**WHEREFORE**, Plaintiffs pray that this Honorable Court grant the following relief on

Plaintiffs' civil right claim for excessive force brought pursuant to 42 U.S.C. §1983 and §1988:

    A.   Judgment for compensatory damages against Defendant Officers;

    B.   Judgment for attorney's fees pursuant to 42 U.S.C. §1988, together with the costs
       and expenses of this civil action;

    C.   A trial by jury on all issues so triable; and

    D.   Such other and further relief that this Court may deem just, proper and
       appropriate.


## COUNT IX—DEFENDANT CITY OF OPA LOCKA
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

94.      Plaintiffs re-allege paragraphs (1) through (35) as if fully set forth herein.

95.      Defendant Officers were under the control, direction and supervision of

Defendant City of Opa Locka.

96.      Defendant City of Opa Locka knew or should have known that Defendant Officers had engaged in wrongful conduct in the past.

97.      Defendant City of Opa Locka, at all times material hereto, had the ability and authority to discharge, further supervise, and retrain Defendant Officers so that they did not pose a risk to the public or Cornelius Brown.

98.      As a direct result of Defendant City of Opa Locka's failure to further train, supervise, or discharge Defendant Officers, it was foreseeable that a member of the public, in this case Cornelius Brown, would be killed.

99.      Defendant City of Opa Locka's supervision, hiring, or retention of Defendant Officers constitutes negligence or gross negligence.

100.      As a direct and proximate result of the acts and omissions of Defendant City of Opa Locka, Cornelius Brown was killed and the Plaintiffs have in the past and will in the future suffer the following damages:

    a.  Medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    b.  Loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of Cornelius Brown.

    c.  All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

    d.  Loss of net accumulations of the Estate.

    e.  All damages allowed under Florida's Wrongful Death Act.

**WHEREFORE,** the Plaintiffs demand judgment against Defendant City of Opa Locka for damages, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

20

## COUNT X—DEFENDANT CHIEF
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

101.    Plaintiffs re-allege paragraphs (1) through (35) as if fully set forth herein.

102.    Defendant Officers were under the control, direction and supervision of Defendant Chief.

103.    Defendant Chief knew or should have known that Defendant Officers had engaged in wrongful conduct in the past.

104.    Defendant Chief, at all times material hereto, had the ability and authority to discharge, further supervise, and retrain Defendant Officers so that they did not pose a risk to the public or Cornelius Brown.

105.    As a direct result of Defendant Chief's failure to further train, supervise, or discharge Defendant Officers, it was foreseeable that a member of the public, in this case Cornelius Brown, would be killed.

106.    Defendant Chief's supervision, hiring, or retention of Defendant Officers constitute negligence or gross negligence.

107.    As a direct and proximate result of the acts and omissions of Defendant Chief, Cornelius Brown was killed and the Plaintiffs have in the past and will in the future suffer the following damages:

    a.  Medical, funeral, and burial expenses that have become a charge of his Estate and/or that have been paid on behalf of the decedent.

    b.  Loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of Cornelius Brown.

    c.  All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

    d.  Loss of net accumulations of the Estate.

21

e. All damages allowed under Florida's Wrongful Death Act.

**WHEREFORE,** the Plaintiffs demand judgment against the Defendant Chief for damages, together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

**COUNT XI—DEFENDANT OFFICERS**
**STATE LAW CLAIM FOR BAD FAITH/ MALICIOUS PURPOSE/WRONGFUL**
**DEATH**

108.    Plaintiff re-alleges paragraphs (1) through (35) as if fully set forth herein.

109.    At all times, Defendant Officers owed Cornelius Brown the duty to act with due care and reasonable care in the execution and enforcement of any right, law, or legal obligation.

110.    These general duties of reasonable care and due care owed to Cornelius Brown by Defendant Officers include but are not limited to the following specific obligations:

   a) To refrain from seizing, detaining, or arresting Cornelius Brown without first having probable cause or legal authority to do so;

   b) To refrain from using excessive and unreasonable force against Cornelius Brown;

   c) To refrain from unreasonably creating the situation where force is used;

   d) To refrain from abusing their authority granted them by law;

   e) To use tactics and force appropriate for a disabled and mentally disturbed person, and

   f) To refrain from violating Cornelius Brown's rights guaranteed by the United States Constitutions, as set forth above, and as otherwise protected by law.

111.    Defendant Officers, through their acts and omissions, breached each and every one of the aforementioned duties owed to Cornelius Brown.

22

112.    Defendant Officers acted towards Cornelius Brown in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

113.    As a direct, proximate and foreseeable result of the acts and omissions of the Defendants, Cornelius Brown was killed and the Plaintiffs have in the past and will have in the future suffered the following damages:

a.    Medical, funeral, and burial expenses that have become a charge of his Estate or that have been paid on behalf of the decedent.

b.    Loss of support and services, loss of companionship, and for mental pain and suffering resulting from the loss of Cornelius Brown.

c.    All damages allowable under 42 U.S.C. § 1983, Federal Law, and Florida Law.

d.    Loss of net accumulations of the Estate.

e.    All damages allowed under Florida's Wrongful Death Act.

**WHEREFORE**, the Plaintiffs demand judgment against Defendant Officers for damages together with costs of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

114.    Plaintiffs hereby demand a trial by jury on all issues so triable.

## DEMAND FOR ATTORNEYS' FEES

115.    Plaintiffs hereby demand payment of attorneys' fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**[CERTIFICATE OF SERVICE ON NEXT PAGE]**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing is served with the original Complaint.

Baisden & Perez, LLC
Attorneys for Plaintiff
400 N. Pine Island Road, Suite 200
Plantation, FL  33324
Telephone: (954) 749-0500

By:_____ /s/ Randell Baisden
        RANDELL BAISDEN
        FL BAR NO.: 920266

24